JOHN HENDRY, ALIAS TOBE HENDRY, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. In the prosecution of an accused for larceny of cattle a witness for the prosecution who stated that he was familiar with the rules and customs of stock men in the county in which the crime was alleged to have been committed was asked on cross-examination if it had not been the custom among cattle owners of the county for many years to drive to market and sell the cattle of their neighbors when they were on friendly terms with each other, without any special authority for so doing, and with the understanding that they would be paid by the men who drove the cattle such price as they could obtain for them in the market, with or without a reasonable compensation for the driving, and, on objection by the State, the question was excluded. *Held*, That it not having been made to appear, and there being no offer to show, that the accused was a cattle owner in the county on friendly terms with the owner of the cattle alleged to have been stolen, or in any situation to avail himself of the custom sought to be proven, there was no error in the ruling.

2. There can be no legal custom to justify one man in stealing the property of another, as such a custom would be contrary to law and bad.

3. The testimony examined and held to be sufficient to sustain the verdict.

Writ of Error to the Circuit Court for DeSoto county.

The facts in the case are stated in the opinion of the court.

*Wall & Stevens*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

MABRY, J.:

The plaintiff in error was indicted, tried and convicted of the larceny of cows, the property of one Adam Mercer, and sentenced to the penitentiary for one year. Two assignments of error are insisted on for a reversal of the judgment; the first being the rejection of certain testimony sought to be elicited by plaintiff in error from the witness, Ziba King, and the second, relating to the sufficiency of the evidence to sustain the verdict.

Ziba King, testifying for the prosecution, stated that he ran a butcher shop at Punta Gorda, and that sometime in May, 1894, defendant delivered to him at his butcher shop in DeSoto county, about nineteen head of cattle, and among them were six or seven in the mark and brand of Adam Mercer; that witness knew the mark and brand of Mercer, and defendant stated at the time of the delivery of the cattle that he was authorized to sell them. Witness bought the cattle from defendant and paid him for seventeen head, most

of which were butchered. On cross-examination of this witness, after stating that he had been extensively engaged in the cattle business for twenty-five years, and was familiar with the rules and customs of stock men in DeSoto county, the following question was propounded, *viz:* You have stated that you have been extensively engaged in the cattle business in this county for twenty-five years, and that you are familiar with the rules and customs of stock men, please state whether or not it has been the custom among cattle owners of this county, during the time you have been engaged in the cattle business, to drive to market and sell the cattle of their neighbors, where they were on friendly terms with each other, without any special authority for so doing, and with the understanding that they would be paid for by the men who drove them such price as they could obtain for them in the market, with or without a reasonable compensation for driving them?" This question was objected to by the State Attorney and excluded by the court, and we are of the opinion that there was no error in the ruling. The question was on cross-examination of the State's first witness, and was not in cross of any testimony brought out on direct examination by the State, but the objection was not based on this ground, and it may be said to have been waived. The charge against the defendant was for the larceny of the animals described in the indictment, and this included not only a wrongful taking of the property of another, but also that it was done *animo furandi*, or with the intent to steal. There can, of course, be no legal custom to justify one man in stealing the property of another, as such a custom would be bad and contrary to law. Commonwealth vs. Doane, 1 Cushing, 5. We do not under-

stand that this legal proposition is questioned by counsel for plaintiff in error, but it is insisted that the custom proposed to be shown, if it existed, was proper as bearing upon the intent with which the accused took the property, and that it would tend to show he did not take it with a felonious purpose. It had not been shown that the accused was a cattle owner residing in DeSoto county on friendly terms with the owner of the cattle alleged to have been stolen, or was in any way entitled to avail himself of the custom sought to be shown. Subsequent testimony of the accused himself showed that he was not a cattle owner, and was not in a situation to avail himself of such a custom, if it did exist. If it had been shown, or offered to be shown, that the accused was a cattle owner, residing in De-Soto county, on friendly terms with the owner of the cattle in question, and that, under such a custom offered to be shown, he had driven the cattle to market and sold them, but with the intention of accounting to the owner for the purchase money, we do not intimate that the evidence of such a custom would be improper. It might become pertinent and material in such a case, but the accused in the present case was not shown to be a stock owner, or in any proper way connected with such a custom, if it existed, and there was no error in rejecting the proposed testimony.

We have entertained some misgivings as to the sufficiency of the evidence to sustain the verdict, but after a careful examination have concluded that it is of such a nature, when viewed in an unfavorable light against the accused, as to sustain the conviction. The credibility of witnesses, in case of conflict, we leave to the settlement of the jury; nor can we say how much credence must be given to the evidence of the

accused where there is conflict or improbability of statement. It is true, as contended by counsel for plaintiff in error, that to constitute larceny, the taking must be with a felonious intent at the time, and whether such intent existed is a question of fact to be determined by the jury from all the facts of the case. The testimony before us shows beyond dispute that the accused gathered the cattle of Adam Mercer and drove them some thirty miles to a market and sold them for money which he never accounted to the owner for, or offered to make any account, and under all the facts of the case we are of the opinion that the question of whether the accused took the cattle, with the felonious purpose of converting them to his own use and profit, was proper for the jury to settle, and as they determined it adversely to him, the judgment will be affirmed.